ROSE E. McENANEY *vs.* JOHN B. REILLEY, City Treasurer. City of Pawtucket.

FEBRUARY 16, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence against the city of Pawtucket to recover damages for injuries sustained by the plaintiff and caused by her falling on one of the streets of the city. The trial in the Superior Court resulted in a disagreement by the jury and the case is before us on the defendant's exception to the refusal of the trial justice to direct a verdict for the defendant.

The plaintiff's left ankle turned over causing her to fall either while in the act of stepping from an open street car or

while she was taking the first step away from the car immediately after alighting. The declaration alleges that the fall was caused by the defendant's negligence in permitting the surface of the street where the plaintiff alighted to be in a rough, hubbly, uneven and dangerous condition. At the place of the accident a trench had been dug across the street for the purpose of laying steam pipes under the street. After the pipes were laid the trench was filled and, in order to permit the filling to settle so as to become a proper foundation for a concrete surface a temporary surface was constructed by covering the filling with planks laid side by side. The planks were laid at right angles with the street and extended from the curbstone to and abutted against the second row of paving blocks from the car rail. These blocks were four inches in width and the outer edge of the second row was approximately eight inches from the rail. At the time of the accident a few of these blocks had become somewhat depressed but this condition was more noticeable in connection with two blocks lying next to the car rail. The plaintiff contends that the fall was caused by her stepping into an opening between the second row of blocks and the end of the planking.

The running board of the car extended at least twenty-four inches beyond the car rail. A witness for the plaintiff, Mr. Banigan, estimated that the depression extended out eighteen inches from the car rail but it is evident that he had no definite idea as to the width of the two rows of blocks for he testified that the space between the second row of blocks and the end of the planking was two or three inches and no one contends that the outer edge of the second row of blocks was more than eight inches from the rail. One of the plaintiff's witnesses testified that the width of the opening between the blocks and the end of the planking was four inches. The other witness who testified that an opening existed stated that the width was much less than four inches. Assuming that there was an opening between the blocks and the end of the planking and that

the width was four inches, the outer edge of the opening would be twelve inches from the car rail and twelve inches inside of a line on the street directly under and parallel with the outer edge of the running board. The plaintiff did not step from the car backwards but was facing directly away from the car while she was alighting. She does not contend that her foot slipped underneath the running board and she testified that she did not get her "foot underneath the running board at all". It is evident that she does not know what caused her ankle to turn over. In alighting from the car as she did, that is, stepping off forward and away from the car, it was physically impossible to *step* into a hole the outer edge of which was so far back underneath a running board serving as a car step, and her own testimony is that she did not get her foot underneath the running board. As she does not attribute her fall to any other imperfection in the street it follows that there was no evidence from which a jury could find that her injury was caused by the defendant's negligence. The motion to direct a verdict for the defendant should have been granted.

The defendant's exception is sustained and the case is remitted to the Superior Court with direction to enter judgment for the defendant.

*Fitzgerald & Higgins, Edward T. Hogan,* for plaintiff.
*James G. Connolly,* for defendant.